ACOSTA ET AL., PLAINTIFFS AND APPELLANTS, v. DÁVILA,
DEFENDANT AND APPELLEE.

Appeal from the District Court of Mayagüez in an Action
of Ejectment and for Damages.

No. 2491.—Decided July 11, 1922.

EJECTMENT — EVIDENCE — PRESCRIPTION. — When in an action of ejectment the
plaintiff fails to prove his title of ownership and, on the other hand, the
defendant proves possession by himself and his predecessors in interest for
more than thirty-six years, a period sufficient for acquiring ownership even
without good faith or a colorable title, the complaint should be dismissed.

The facts are stated in the opinion.

Messrs. R. Ramírez Vigo and V. M. Fernández for the
appellants.

Mr. B. Forés for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal was taken by the plaintiffs from the judg-
ment dismissing the complaint. In this complaint the plain-
tiffs alleged that as the heirs of their deceased parents they
were the owners of two rural properties situated in the ward
of Machuchal, Sabana Grande, containing respectively 11 and
8 acres, which were wrongfully held by defendant Manuel Ma-
ría Dávila as the heir of Concepción Saavedra Lagrave, who
had recorded the property in her name in the registry of
property by virtue of a possessory title judgment which was
null and void because of non-compliance with the require-
ments of the law, for all of which they prayed the court to
adjudge the said possessory title judgment void, to order
the cancelation of its record in the registry of property and
to order the defendant to restore the said properties to the
plaintiffs and pay also the sum of $5,000 as damages for the
wrongful detention of the properties. The defendant denied
the said allegations and made others. The case was tried
and the judgment appealed from was the result.

The evidence of the plaintiffs consisted in the designation

made in their favor in 1920 as heirs of Pedro Acosta Torres and Iba del Carmen García y García, who died respectively in 1910 and 1900, and of whom they were the sole legitimate descendants. Two of them also testified that their parents were the owners of the said two properties, without specifying the title of acquisition or that they were in possession thereof at the time of their death, and one of them having been asked if their parents had transferred these properties to anybody, or had sold them to any person, replied that "by an agreement with Concepción Saavedra he passed the deed to her," and being asked what kind of a deed he passed to her, replied, "a contract which she made for him to manage them." This is all that is material in this testimony. The action was brought in 1920 and the defendants presented in evidence a certificate of the registrar of property showing that the possession of the said properties has been recorded in the name of Concepción Saavedra Lagrave since 1884 by virtue of a possessory title judgment from which it appears that she purchased them in 1881 from Pedro Acosta and Iba del Carmen García, the parents of the plaintiffs.

The result of the evidence as a whole is not only that the plaintiffs failed to prove the title of ownership which they alleged to have to the properties claimed as heirs of their parents, but, on the contrary, the testimony of one of them admits that their parents transferred the property to Concepción Saavedra Lagrave, one of whose heirs is Dávila, the only defendant, and it also appeared that on the day the action was brought such possession had run for more than thirty-six years, which is sufficient for the acquisition of ownership even without good faith or a colorable title.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.